IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELEKTRA ENTERTAINMENT GROUP, INC., <u>ET AL.</u>, | : : | No. 4:CV-04-1573 |
| Plaintiffs | : : | (Judge Jones) |
| v. | : : | |
| MICHELLE E. KOSLOSKY, | : : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**July 21, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Request to Enter Default (doc. 6) filed by Plaintiffs on July 19, 2005.  We will deny the Request to Enter Default for the following reasons.

**<u>FACTUAL BACKGROUND/PROCEDURAL HISTORY</u>:**

Plaintiffs filed a complaint against Defendant Michelle E. Koslosky ("Defendant" or "Koslosky") on July 20, 2004.  On July 22, 2004, Plaintiffs served the complaint and summons on Defendant by substituted service.[1]  In the Request

---

[1] We note that the Return of Service indicates that copies of the complaint and summons were left at Defendant's dwelling house or usual place of abode with a person of suitable age and discretion

to Enter Default submission, Plaintiffs state that they sent Defendant letters on two separate occasions urging Defendant to file a response and advising her that Plaintiffs intended to seek a default judgment. (Req. Enter Default at 2). On September 1, 2004, we approved a stipulation entered into by counsel for the parties providing Defendant with fourteen additional days to file a responsive pleading to the complaint.[2] (See Rec. Doc. 5). To date, Defendant has failed to file a responsive pleading to the complaint. Plaintiffs therefore request that the Clerk enter default.

**DISCUSSION:**

We initially note that on July 20, 2005, the Clerk erroneously entered default in the case <u>sub judice</u> and we will therefore summarily vacate the default entered for the reasons stated below.

In the complaint, Plaintiffs seek injunctive and damages relief for copyright infringement under the copyright laws of the United States, pursuant to 17 U.S.C. § 101, *et seq.* Therefore, this Court has jurisdiction under 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a). In their prayer for relief, Plaintiffs

---

who resided there, Defendant's mother. (See Rec. Doc. 3).

[2] Although Bruce L. Vickery indicated on the stipulation, providing Defendant with fourteen additional days to file a responsive pleading, that he was Defendant's counsel, we note that he never entered his appearance before this Court.

seek injunctive relief, statutory damages for each infringement of Copyrighted Recordings pursuant to 17 U.S.C. § 504, costs, and attorney fees. (See Cmplt. at 8-9).

Federal Rule of Civil Procedure 55 states, in pertinent part, as follows:

> **(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> **(b) Judgment.** Judgment by default may be entered as follows:
>
> **(1) By the Clerk.** When the plaintiff's claim against a defendant is for a *sum certain or for a sum which can by computation be made certain*, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> **(2) By the Court.** *In all other cases* the party entitled to a judgment by default shall apply to the court therefor[.]

Fed.R.Civ.P. 55(a)-(b) (emphasis added).

As Plaintiffs' claim is not for a sum certain or for a sum which can by computation be made certain, only the Court is entitled to enter a default judgment. We will therefore summarily vacate the entry of default executed by the Clerk on July 20, 2005. (See Rec. Doc. 8).

In addition, our review of this case reveals that the Clerk's office erroneously

listed Plaintiffs' counsel as also representing the Defendant. Obviously, that is not so. The Clerk's office has now rectified the error and provided Defendant's correct address on the docket for future filings. Based upon the afore-stated error, we find that it would be improvident to enter default at this juncture. We will therefore provide Defendant with twenty (20) days from the date of this Order to file a responsive pleading to Plaintiffs' complaint. If Defendant fails to do so within twenty (20) days, upon proper motion to enter default by the Plaintiff, we will be compelled to enter the same.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. The entry of default entered by the Clerk's office on July 20, 2005 (doc. 8) is summarily VACATED.

2. Plaintiff's Request to Enter Default (doc. 6) is DENIED.

3. Defendant shall have twenty (20) days from the date of this Order to file a responsive pleading to Plaintiffs' complaint.

4. If Defendant fails to file a responsive pleading within twenty (20) days, upon proper motion to enter default by the Plaintiff, we will be compelled to enter the same.

                                                        s/ John E. Jones III
                                                        John E. Jones III

United States District Judge